UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:19-CR-65-REW-HAI |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID LEE BUTLER, aka Vito, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 263 (Minute Entry), Judge Ingram recommended that the undersigned accept Defendant David Lee Butler's guilty plea and adjudge him guilty of Count One of the Second Superseding Indictment (DE 264, referencing DE 72); *see also* DE 222 (Plea Agreement). Judge Ingram expressly informed Defendant of his right to object to the recommendation and to secure de novo review from the undersigned. *See* DE 264 at 3. The established, 3-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 66, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) (holding that a failure to file objections to a magistrate's judge's recommendation waives the right to appellate review); Fed. R. Crim. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1

1. The Court **ADOPTS** DE 264, **ACCEPTS** Butler's guilty plea, and **ADJUDGES** him guilty of Count One of the Second Superseding Indictment (DE 72);

2. Further, per Judge Ingram's recommendation, the Defendant disclaimed any interest in the property identified in the operative indictment (DE 264 ¶ 4) but conceded forfeitability pursuant to Defendant's agreement as to nexus (DE 222 ¶ 9). The Court finds the property forfeitable but notes that Butler disclaims. The Court preliminarily orders forfeiture subject to proper final findings as warranted by development in the record; and

3. The Court will issue a separate sentencing order.[1]

This the 15th day of September, 2020.

Signed By:
*Robert E. Wier* /s/ REW
United States District Judge

---

[1] At the hearing, Judge Ingram remanded Butler to custody. *See* DE 263. The Court, thus, sees no need to further address detention at this time.